Mr. Justiee MILLER,
 

 delivered the opinion of the court.
 

 There is, in this case, as presented' by the transcript, nothing which a writ of error can bring here for .review-, tested'by the rules.of the common law.
 

 The distinction between ■ law and equity prevails in the Federal coqrts sitting in Louisiana in the modes of proceeding, notwithstanding the Civil Code, which governs t.he practice as well as the rights o.f parties in the State courts. On account-of the peculiarity in practice in, that State, it has been decided in several cases coining from the State courts-
 
 *51
 
 of Louisiana to this court by writ' of ¿rrór, that we would regard' the statements of fact found in the opinions of the court as part of the record, where- they were in themselves sufficient and otherwise unobjectionable. And perhaps this may in practice have been extended to cases from the Federal courts of that .district. But in regard to the latter, we are not now at liberty to-do so. The act of March 3d, 1865,-
 
 *
 
 by its fourth section provides a clear and simple mode by which parties who submit cases to the court, without the intervention of a jury, may have the rulings of the court reviewed here, and also prescribes what may be reviewed in such cases.. This statute, which is but a reproduction of- the, system in practice in many of the States, is as binding on the Federal 'courts sitting in Louisiana as elsewhere, and we cannot disregard it.
 

 We are asked in the present ease to accept the opinion of the eourt below, as a sufficient finding of the facts within the statute, and within the' general rule on-this subject. But with no aid outside the record we cannot do this. The opinion' only recites some parts of the testimony by way of comment in support of the' judgment, and is liable to the objection often referred to in this court, that it states the evidence and not the facts as found from that evidence., Besides, it does not profess to be. a statement of facts, but is very correctly called In the transcript, “ reasons for judg-r ment.”
 

 But the counsel for both parties in this court have agreed to certain parts of that opinion as containing the material facts of the case, and to treat them here as facts found by the court; and inasmuch as .they could have made such an agreement in the court below, we have concluded to act upon it here as if it had been so inade. ■
 

 Upon an examination of the facts thus stated, and placing upon them that construction most favorable, .to the judgment qf the court, we are of opinion that it cannot be sustained.
 

 The only question to be decided in the case is, whether
 
 *52
 
 the fire which destroyed plaintiff’s.cotton, happened or took place by means of the explosion; for if it did, the defendant is not liable, by the express', teims of the contract.
 

 ' That the explosion .was. in, some sense the cause of the fire is.not denied, but it is claimed that its relation was too-remote tó bring the case within the exception /of the .policy. ■ And we have had cited toi us a general review of the doctrinó of .proximate and-remote causes as-it has arisen and be'en de-^ eidéd, in, the courts in a great variety of cases, . It would be’an [unprofitable labor to enter into an examination of these pases. If w.e could .deduce frdm them the fiest possible expression of the rule, it would remain after all tó decide each case largely upon the special facts belonging to it, and often upon, the very nicest discriminations.
 

 - One of the'most valuable of
 
 the' criteria
 
 furnished us by these authorities, is to ascertain whether any.new cause has intervened between the fact accomplished' and the alleged« cause. '' If a new force or power has intervened of itself sufficient tó stand as the cause of the misfortune, the other must be considered as too remote.
 

 In the present case we think there'is' no such new cause. The explosion undoubtedly produced or set in operation the fire which'burnód tfie. plaintiff’s cotton;' The fact'that it was carried to the cotton by first Iburning another building supplies mo-new force or power which.cáused the. burning. Nor can the accidental circumstance that the wind was blowing in a direction-to'favor the, progress of the fire towards the-warehouse be considered a hew cause. That may have been the usual course of the breeze in that ■ neighborhood. Its force may have been trifling. Its influence in producing the fire in the Alabama Warehouse was too slight to be substituted for the explosion as the cause of the fire.
 

 But there are/other causes of .fire mentioned in the exempting clause, and they throw'light on the intent of the' parties in reference to this one. If the fire had taken place .by means of invasion, riot, insurrection, or civil commotioh,. earthquake, or hurricane, and - by either of these meaná the Marshall Warehouse had been first fired, and the fire had
 
 *53
 
 extended, as we have shown it did, to the/Alabama Warehouse, would the insurance company have been liable?
 

 Could it be held’ as necessary to exemption that- thp per-; sons engaged in riot or invasion-.must have actually placed the torch to the building insured, and that in such case if half the town had been burned down the company would have been liable for all the buildings insured,'except the' one first fired ? Or .if a hurricane or earthquake had startéd ■ the fire, is the exemption limited in the samé manner ?
 

 These propositions cannot be sustained, and in establishing a principle applicable to fire originating by explosion, we must find one which is equally applicable under like-circumstances to the other causés épibráced in thb same clause.
 

 Without commenting further, we .are. deafly, of opinion ■that the explosion was the,cause of the fires in this/case, within the meaning of the 'policy and that the judgment of the Circuit Court must bé'
 

 Ee^ERSED ANÍ) A NEW TRIAE «RANTED.
 

 *
 

 13 Stat. at Large, 501.