BIBB BROOM CORN COMPANY v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.[1]

February 24, 1905.

Nos. 14,132—(200).

**Duty of Carrier.**

It is the duty of a common carrier to whom goods are delivered for transportation to forward them promptly, and without unreasonable delay, to their destination.

**Negligence of Carrier.**

If he fails to do so, and negligently and carelessly delays the shipment, and the goods are overtaken in transit and damaged by an act of God, which would not have caused the damage had there been no delay, he is liable, even though the act of God could not reasonably have been anticipated. The negligence and unreasonable delay is such a proximate or concurring cause as renders a carrier liable.

**Rule Applied.**

This rule applies whether the goods in their nature are perishable or nonperishable.

Action in the municipal court of Minneapolis, to recover $500 for the loss of a carload of broom corn while in transit over the railway of defendant company. The defense was that the damage was caused by an act of God. The case was tried before Dickinson, J., and a jury, which rendered a verdict in favor of plaintiff for $412.20. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Belden, Hawley & Jamison,* for appellant.

The negligent delay of defendant in forwarding plaintiff's goods, but for which such goods would not have been damaged, does not as a matter of law create any liability on the part of the defendant. Gilson v. Delaware (65 Vt. 213) 36 Am. St. Rep. 838, note; Norris v. Savannah (23 Fla. 182) 11 Am. St. Rep. 355, 362, note; Railroad Co. v. Reeves, 10 Wall. 176, 191; St. Louis, I. M. & S. Ry. Co. v. Commercial Union Ins. Co., 139 U. S. 223, 237; Hoadley v. Northern,

[1] Reported in 102 N. W. 709.

115 Mass. 304; McClary v. Sioux City, 3 Neb. 44; Daniels v. Ballentine, 23 Oh. St. 532; Dubuque v. City, 30 Iowa, 176; Lamont v. Nashville, 9 Heisk. 58; Clark v. Pacific, 39 Mo. 184; McVeagh v. Atchison, 3 N. Mex. 205; Reid v. Evansville, 10 Ind. App. 385; Davis v. Central Vermont, 66 Vt. 690; Philadelphia v. Anderson, 94 Pa. St. 351; and Baltimore v. Sulphur Spring, 96 Pa. St. 65.

*Arthur W. Selover,* for respondent.

BROWN, J.

The facts in this case are as follows: On or about May 12, 1903, plaintiff delivered to defendant at Stafford, Kansas, a carload of broom corn, to be transported to Minneapolis, this state. The route of transportation was by way of Kansas City, and defendant was to forward the car at that point, the terminus of its line, over the Chicago Great Western Road. The car reached the freightyards of defendant at Kansas City on May 23, but defendant wholly failed and neglected to send it forward or notify the Chicago Great Western Company of its arrival, though the evidence tends to show that immediately after the arrival of the car at Kansas City defendant sent a messenger to communicate the fact to the Great Western Company, and that it was to be forwarded over its line, but through carelessness the messenger notified the Missouri Pacific Company instead, and the Great Western was not informed of the matter at all. In consequence of the neglect of the messenger, the car remained in the yards of defendant until it was submerged by water in the great flood occurring during the last days of May and the first days of June at Kansas City, and the corn substantially destroyed. After the waters of the flood had receded, defendant, having first offered to forward the car to Minneapolis and plaintiff having refused to accept the corn in its damaged condition, caused the same to be sold, and tendered plaintiff the proceeds, less freight charges. Plaintiff brought this action to recover the value of the corn, alleging in its complaint that it was damaged and injured while in the possession of defendant, through its negligence and carelessness.

The delivery of the corn to defendant for transportation, and that it was damaged while in defendant's possession, are admitted in the answer, but it is alleged in defense that the damage was caused by an act

of God; that an unusual and extraordinary rainfall occurred at Kansas City and vicinity at the time the car was in its yards, causing the river to overflow its banks and submerge defendant's yards, the occurrence and extent of which could not have been foreseen or anticipated.

The trial court instructed the jury in part that, if the corn was destroyed by an act of God, unaccompanied by the concurrent negligence of defendant, plaintiff could not recover; but, in effect, left to the jury to say whether the delay in forwarding the car was negligence, and whether such negligence concurred in causing the damage. The jury returned a verdict for plaintiff, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The only assignments of error requiring consideration are those which challenge the charge of the trial court, in which the jury was instructed that, if the negligent delay of defendant in forwarding the car concurred in causing the injury or loss complained of, defendant was liable. It is contended with much earnestness and ability by defendant's counsel that, notwithstanding there might have been negligent delay in forwarding the car from Kansas City to Minneapolis, but for which the corn would not have been damaged, yet the damage complained of resulted proximately from the flood, an act of God, and that, as plaintiff failed to show that defendant was chargeable with neglect in not foreseeing or guarding against the danger, no recovery can be had.

The question presented, then, is whether a common carrier is liable to the owner of goods delivered to him for transportation, which are damaged or destroyed by an act of God while in his possession, in consequence of a negligent delay in forwarding them, whether the act of God could reasonably have been anticipated or not. The question is an important one, and the authorities are not in harmony. We have considered it with care in all its bearings, and reach the conclusion that the carrier is liable.

As a general rule, applicable to all cases of negligence, if damage is caused by the concurrent force of defendant's neglect and some other cause for which he is not responsible, including an act of God, he is nevertheless liable if his negligence is one of the proximate causes of the injury complained of, even though, under the particular circum-

stances, he was not bound to anticipate the interference of the intervening force which concurred with his own.

In the application of this rule, however, the authorities are not agreed. It is held in some states, as applied to common carriers, that a negligent delay in forwarding property delivered to them for transportation, which is injured by an act of God, or other cause for which they are not responsible, and could not reasonably have been anticipated, does not render the carrier liable, although the property would not have been damaged had there been no delay. 1 Am. & Eng. Enc. (2d Ed.) 596. Courts holding to this rule place their decisions on the ground that the act of God in such cases is the proximate cause of the injury, and not the delay in transportation. Herring v. Chesapeake, 101 Va. 778, 45 S. E. 322. In other states the opposite doctrine is settled and adhered to. 1 Shearman & R. Neg. § 40.

The authorities are not at variance where the property damaged is perishable, or inherently susceptible to damage from climatic influences, as sudden changes in the weather. Changes in the weather are conditions which the carrier is bound to anticipate as likely to occur, and for injuries resulting to perishable goods from such causes the carrier is liable where his negligent delay in forwarding them contributes to cause the injury. Goods in this class are those likely to be damaged by freezing or from excessive heat.

The authorities are at variance, in so far as negligent delay is concerned, only in cases involving property not perishable. The property in the case at bar was of that character, and would not have been damaged but for the flood that submerged the car while in the yards at Kansas City; neither would it have been damaged had defendant forwarded the car to Minneapolis promptly, and without unreasonable delay, as it was required by law to do. So the question is, was the negligent delay of defendant in forwarding the car one of the proximate causes of the damage to the corn, or did such delay concur with the flood in fact causing the damage? It may be conceded, for the purposes of this case, that the flood was an act of God; that it was unprecedented, and beyond the reasonable anticipation of the most prudent residents of the vicinity where it occurred; and, unless we are to hold that the negligent delay did not render defendant liable, the case must be reversed.

One of the first cases reported in the books, so far as our research has extended, wherein the carrier is held liable for negligent delay in transporting goods, not perishable, which were injured in transit by an overpowering cause not reasonably to have been anticipated, is Michaels v. New York, 30 N. Y. 564. In that case there was a delay of several days in forwarding certain dry goods delivered to the defendant for transportation, which were damaged in transit by an act of God—a flood similar to the one in the case at bar. In disposing of the case and the contention of the railway company that it was exempt from liability for the reason that the injury complained of was the result of an act of God, the court said: When a carrier is intrusted with goods for transportation, and they are injured or lost in transit, the law holds him responsible for the injury. He is only exempted by showing that the injury was caused by an act of God or the public enemy; and to avail himself of such exemption he must show that he was himself free from fault at the time. His act or negligence must not concur or contribute to the injury. If he departs from the line of his duty, and violates his contract, and while thus in fault, and in consequence of that fault, the goods are injured by an act of God, which would not otherwise have caused the injury, he is not protected.

That case has been consistently followed and adhered to in New York, and is now the settled law of that state. In Read v. Spaulding, 30 N. Y. 630, it was held that, if a common carrier unreasonably delays goods received by him for transportation, and they are injured by an act of God in consequence of such delay, he must show, to exempt himself from liability, that the delay did not contribute to or concur in the injury. In Condict v. Grand Trunk, 54 N. Y. 500, it was said that it is the duty of a common carrier to forward goods delivered to him for transportation promptly, and within a reasonable time, and, if a loss occurs in which his negligence in part concurs, he is liable. See also Dunson v. New York, 3 Lans. (N. Y.) 265.

This doctrine has been followed and applied in other states. In Wolf v. American, 43 Mo. 421, the court laid down the general rule in such cases in the following language: "The act of God which excuses a carrier must not only be the proximate cause of the loss, but the better opinion is that it must be the sole cause. And when the loss

94 M.—18

is caused by the act of God, if the negligence of the carrier mingles with it as an active and co-operative cause, he is still responsible."

In Wald v. Pittsburg, 162 Ill. 545, 44 N. E. 888, it appeared that plaintiff had purchased of defendant a ticket entitling him to passage from Chicago to New York upon one of its trains known as the "Limited Express." He was also entitled, as a matter of law, to have his baggage, which was checked at the time he procured his ticket, forwarded by the same train. The baggage was, however, by the negligence of the baggageman, forwarded from some point on the line by the day express, a train following the "Limited Express" a number of hours later. Plaintiff reached his destination in safety, but the day express which carried his baggage was overtaken by a flood at Johnstown, Pennsylvania—an act of God—and the baggage destroyed. The court held the defendant liable, saying in the opinion that the unnecessary delay of a carrier which subjects goods in his possession to loss by an act of God, which they would not otherwise have met with, is in itself such negligence as will render him liable.

In Louisville v. Gidley, 119 Ala. 523, 24 South. 753, it appeared that defendant delivered to plaintiff, a common carrier, at Gadsden, Alabama, goods to be transported to Philadelphia. The carrier unnecessarily delayed forwarding them for some days, and they were in the meantime destroyed by a fire, for which plaintiff was in no way responsible, and for which it could not, under its contract, have been made liable to the owner of the goods. The court held that the unnecessary delay in shipment was the proximate cause of the loss, and that the carrier was liable.

This rule of liability is followed in Kentucky. Cassilay v. C. P. Young & Co., 4 B. Mon. 265; Hernsheim v. Newport (Ky.) 35 S. W. 1115. Also in Maryland, Baltimore v. Keedy, 75 Md. 320, 23 Atl. 643. The foregoing cases all involve property not perishable, and the negligent delay was held either the proximate cause of the loss, or that it concurred with the act of God in causing the damage and rendered the carrier liable. Other cases, more or less in point, may be found collected in Gilson v. Delaware (65 Vt. 213) 36 Am. St. Rep. 839. See also Deming v. Grand Trunk, 48 N. H. 455; Michigan v. Curtis, 80 Ill. 324; Campbell v. Morse, Harp. (S. C.) 468; Meyer v. Vicksburg, 41 La. An. 639, 6 South. 218; Missouri v. McFadden, 89 Tex. 138, 33

S. W. 853; Pruitt v. Hannibal, 62 Mo. 527. And the rule was, in effect, laid down, though the precise question here under consideration was not there involved, in Jones v. Minneapolis & St. Louis R. Co., 91 Minn. 229, 97 N. W. 893.

We have examined the authorities holding the opposite of this doctrine, and, while the courts adhering to the same are of eminent standing, we have no difficulty in adopting the view of the cases above cited. The rule that permits a carrier to excuse his negligence by an act of God overtaking him while thus in fault seems to us unsound. It is based on too strict an application of the rule of proximate cause. It is the duty of a common carrier to whom goods are delivered for transportation promptly and without unreasonable delay to forward them to their destination, and such was defendant's duty in the case at bar. This it failed to do, and its negligence in this respect is not seriously controverted. The car arrived at its yards in Kansas City on May 23, and was permitted to remain there without proper effort to forward it until it was overtaken by the flood. It could have been moved from defendant's yards on any day after its arrival prior to May 29, and, had this been done, the corn would not have been damaged. If defendant had acted as required by the terms of its contract, and as enjoined by law, the car would have been forwarded, and would have arrived at its destination prior to the flood. That defendant's neglect concurred and mingled with the act of God seems the only reasonable conclusion the facts will warrant, and we feel safe in applying the general rule that an act of God is not in such cases a defense.

Every reason in equity and justice relieves a carrier from the performance of his contract and from liability for injuries to property in his custody for transportation, resulting exclusively from an act of God, or other inevitable accident or cause over which he has no control, and could not reasonably anticipate or guard against. But reasons of that nature lose their force and persuasive powers when applied to a carrier who violates his contract, and by his unreasonable delay and procrastination is overtaken by an overpowering cause, even though of a nature not reasonably to be anticipated or foreseen. If, but for his negligence, the loss would not have occurred, no sound reason will excuse him, and he should not be relieved by an application of the

abstract principles of the law of proximate cause. No wrongdoer should be allowed to apportion or qualify his own wrong; and, if a loss occurs while his wrongful act is in operation and force, and which is attributable thereto, he should be held liable. Davis v. Garrett, 6 Bing. 716.

Our conclusions are that the trial court correctly instructed the jury, that the record presents no reversible errors, and the order appealed from is affirmed.

Order affirmed.