GERMAN SAVINGS & LOAN SOCIETY v. COMMERCIAL UNION ASSUR. CO., LIMITED, OF LONDON, ENG.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1910.)

No. 1,828.

INSURANCE (§ 669*)—FIRE INSURANCE—PROXIMATE CAUSE.

A fire policy provided that defendant should not be liable for loss caused directly or indirectly by earthquake, or (unless fire ensues and, in that event, for damages by fire only) by explosion of any kind. Plaintiff's property was destroyed by fire after the San Francisco earthquake. There was proof that a fire was started in a nearby building, and that this fire burned through and destroyed the insured property. There was also evidence that the fire in the first building preceded an explosion therein, and that prior to the explosion there was no fire in any building on either side of the street, including plaintiff's premises. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court charged that, if the jury found that the fire on the first premises was caused by an explosion, they should find for plaintiff, but that if the fire was communicated to such premises by and caught from an earthquake, and that after the premises had been ignited therefrom the fire came in contact with an explosive causing it to explode, and then continued to burn to and consume plaintiff's property, such fire was not within the provision of the policy covering a fire ensuing on an explosion, but would still retain its character of an earthquake-caused fire, in which event the origin of the fire would not be changed by the intervention of the explosion, and plaintiff would not be entitled to recover. *Held*, that such instruction was a proper submission of the proximate cause of the fire.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1771–1784; Dec. Dig. § 669.*

What constitutes loss by fire under insurance policy, see note to Western Woolen Mill Co. v. Northern Assur. Co., 72 C. C. A. 3.]

In Error to the Circuit Court of the United States for the Northern District of California.

Action by the German Savings & Loan Society against the Commercial Union Assurance Company, Limited, of London, England. Judgment for defendant, and plaintiff brings error. Affirmed.

Goodfellow & Eells, for plaintiff in error.

T. C. Van Ness and H. B. M. Miller, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This is an action to recover for fire loss under a policy of insurance. The policy contained a stipulation as follows:

"This company shall not be liable for loss caused directly or indirectly by * * * earthquake, * * * or (unless fire ensues and, in that event, for the damages by fire only) by explosion of any kind."

The defense is that the fire was caused either directly or indirectly by earthquake. The property was situated on the north side of California street, between Montgomery and Kearny streets, in the city of San Francisco. The bill of exceptions recites as follows:

"It was proven upon the trial that upon the morning of the day upon which plaintiff's property was destroyed as alleged in the complaint an earthquake of violence had visited the city and county of San Francisco, wherein the insured property mentioned in the complaint was situate, and it was admitted by counsel for plaintiff as a fact in the case that fires caused by said earthquake shock had started in that portion of said city and county north of Market street and east of Sansome street, and there was evidence tending to show and prove and to the effect that by heat, spark, burning brand, or ember thrown off and sent out by said fires or an aggregation of said fires a fire had been started in a building on the north side of Commercial street west of the United States Subtreasury on said street, which said building was at said time occupied by a concern known as the Union Shrimp Company, and it was by both sides conceded that the fire starting in said building occupied by said Union Shrimp Company did burn through to and destroy the insured property of the plaintiff mentioned in plaintiff's complaint, and that said fire was the fire by which plaintiff's said property was destroyed. There was evidence introduced upon behalf of defendant tending to show that the fire in said building on Commercial street, occupied by said Union

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Shrimp Company, preceded and was prior to the explosion at said point referred to in the testimony of the witness Burns hereinafter set forth."

Burns testified that he noticed an. explosion take place in a building on the north side of Commercial street and west of the Subtreasury, which was occupied by the Union Shrimp Company, and that prior to this explosion he saw no evidence of any fire in any building on either side of Commercial street between Montgomery and Kearny.

The assignment of error is predicated upon the following excerpt from the court's charge to the jury:

"But if you find that the fire was first communicated to those premises by and caught from an earthquake-caused fire in the manner I have indicated, and that after the premises had been ignited therefrom, such fire came in contact with an explosive substance thereon, causing it to explode, and then continued to burn to and consume plaintiff's property, such a fire wóuld not be within this provision of the policy a fire ensuing upon explosion, but would still retain its character of an earthquake-caused fire. In such a case the origin of the fire is not changed by the intervention of the explosion which it has itself caused, although the explosion may, or may not, to some extent, have accelerated its action and spread. It would not be different than if the fire had come in contact with a substance highly combustible and inflammable, though not explosive, which might greatly increase its volume and accentuate its spread, but it would still be the same fire thereafter as before; it would not create a new cause, but the cause would still remain the same. That is to say, it does not change the relation of causes in a legal sense to substitute a substance upon which fire acts, both inflammable and explosive, 'for one which is merely combustible. The only difference in the elements of the question in such an instance would be that the explosive substance when ignited would consume with more rapidity than the one merely combustible. The active agent is still the fire, though it acts in different ways upon the successive subjects of its action, and, if it was at first an earthquake fire, it still remains so, notwithstanding the explosion. To constitute the explosion a new or independent cause, it must be a fire, as I have stated, originated by and ensuing upon explosion, not one which in its course incidentally causes an explosion. In the latter case explosion is merely an incident, and not the cause." ·

The only question presented here is whether the court erred in giving this instruction. Immediately before reaching this point in the charge, the court instructed that:

"There is some evidence in the case tending to show that an explosion or an explosive sound was heard by some of the witnesses on or near the premises on Commercial street at or about the time the fire was discovered on those premises. Should you find that the fire on those premises was caused by and ensued upon an explosion of any kind, then your verdict must be for the plaintiff, since it is admitted that the fire from those premises was the one which burned the plaintiff's property; and, if it was started by and ensued upon an explosion, it would not be an earthquake-caused fire within the terms of the policy."

Thus it appears that the court charged that, if the jury found that the fire on the Commercial street premises was caused by an explosion, they should find for the plaintiff; it being admitted that the fire communicated from those premises was the one which destroyed the plaintiff's property. But it is contended by counsel for plaintiff that this instruction was so qualified as to neutralize its effect by what followed, which it is claimed advises the jury that, if the explosion was caused in any manner by a pre-existing earthquake fire, they must find for the

defendant. In this relation it is insisted that the court should have told the jury that the explosion was of itself sufficient to stand as the proximate cause of the loss, and that the earthquake fire could not be the proximate cause, as it was too remote. This would have been the equivalent of directing a verdict for the plaintiff.

In determining the principle that should be applied, which depends upon what may be considered to be the proximate cause, it is essential that brief reference be made to some of the authorities. In Milwaukee, etc., Railway Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256, the fire originated in the steamboat of the defendant, and it was alleged that it was negligently communicated to an elevator, also the property of the defendant, and from the elevator to the sawmill of plaintiff, while a strong wind was blowing from the elevator to the mill. It was there contended that the proximate cause of the burning of the mill was the fire from the elevator, and not from the steamboat, and therefore that the defendant was not liable. Answering the inquiry, the court said:

"The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied to the other end, that force being the proximate cause of the movement, or as in the oft-cited case of the squib thrown in the market place. 2 Bl. Rep. 892. The question always is: Was there an unbroken connection between the wrongful act and the injury—a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury?"

And again:

"We do not say that even the natural and probable consequences of a wrongful act or omission are in all cases to be chargeable to the misfeasance or nonfeasance. They are not when there is a sufficient and independent cause operating between the wrong and the injury. In such a case the resort of the sufferer must be to the originator of the intermediate cause. But, when there is no intermediate efficient cause, the original wrong must be considered as reaching to the effect, and proximate to it. The inquiry must, therefore, always be whether there was any intermediate cause disconnected from the primary fault and self-operating, which produced the injury."

Insurance Company v. Boon, 95 U. S. 117, 24 L. Ed. 395, was a case where damage by fire arising by means of insurrection, riot, or civil commotion, or of any military or usurped power, was excepted from the policy. The property destroyed was situated in the city of Glasgow, Mo. During an engagement between the opposing forces, while the Civil War was in progress, the officer in charge directed the military stores contained in the city hall to be destroyed, which was done by setting them on fire. This fire spread along the line of the street, from building to building, to that of plaintiff, which it destroyed. It was concluded that the fire which caused the destruction of the plaintiff's property took place, not merely in consequence of, but by means of, the rebel invasion and military or usurped power; the court saying further:

"The fire occurred while the attack was in progress, and when it was about being successful. The attack, as a cause, never ceased to operate until the loss was complete. It was the causa causans which set in operation every agency that contributed to the destruction."

Later, after reference to the Kellogg Case, supra, it is said:

"In the present case the burning of the city hall and the spread of the fire afterwards was not a new and independent cause of loss."

Another case is The G. R. Booth, 171 U. S. 450, 19 Sup. Ct. 9, 43 L. Ed. 234. While a ship was being unloaded, a case of detonators exploded, opening a hole in her side through which water entered and damaged a part of her cargo. It was held that the cause of the damage was the explosion, and not the sea water that was admitted through the rent in the ship following the explosion; the court saying, after a review of the authorities:

"The explosion, in consequence of which, and through the hole made by which, the water immediately entered the ship, must be considered as the predominant, the efficient, the proximate, the responsible cause of the damage to the sugar, according to each of the tests laid down in the judgments of this court, above referred to. The damage to the sugar was an effect which proceeded inevitably, and of absolute necessity, from the explosion, and must therefore be ascribed to that cause. * * * It was the primary and efficient cause, the one that necessarily set the force of the water in operation. It was the superior or controlling agency, of which the water was the incident or instrument."

Another case, earlier than these, is Insurance Co. v. Tweed, 7 Wall. 44, 19 L. Ed. 65. Liability from explosion was excepted by the terms of the policy. Cotton contained in a warehouse was insured against damage by fire. An explosion which occurred in another warehouse, some distance from the one containing the cotton, shattered the walls of the latter. The explosion also caused a conflagration, which spread from the first building to another, and thence to the warehouse containing the cotton. It was held that the explosion was the proximate cause of the destruction of the cotton by fire, and therefore that the insurance company was not liable under the policy. In announcing the opinion of the court, Mr. Justice Miller says:

"One of the most valuable of the criteria furnished us by these authorities is to ascertain whether any new cause has intervened between the fact accomplished and the alleged cause. If a new force or power has intervened of itself sufficient to stand as the cause of the misfortune, the other must be considered as too remote. In the present case we think there is no such new cause. The explosion undoubtedly produced or set in operation the fire which burned the plaintiff's cotton. The fact that it was carried to the cotton by first burning another building supplies no new force or power which caused the burning."

In commenting upon this case, Mr. Justice Strong says, in the Boon Case, supra:

"There it was, in effect, ruled that the efficient cause, the one that set others in motion, is the cause to which the loss is to be attributed, though the other causes may follow it and operate more immediately in producing the disaster."

There can scarcely be two opinions as to the result of these authorities. The cause which is efficient to produce the injury, though it may not be the one nearest in point of time or space, if continuous in its operation, passing from one effect to another without cessation until it has brought about the result, is the one to which the injury must be attributed. All intervening causes which are themselves the

outgrowth of the primary cause are but incidental thereto, and are not regarded as efficient to produce the injury.

The court's instructions were clearly within the principle. "If," says the court, "you find that the fire was first communicated to those premises by and caught from an earthquake-caused fire, * * * and that after the premises had ignited therefrom such fire came in contact with an explosive substance thereon, causing it to explode, and then continued to burn to and consume plaintiff's property, such a fire would not be within this provision of the policy a fire ensuing upon explosion, but would still retain its character of an earthquake-caused fire." There is nothing said in Insurance Co. v. Tweed, supra, in conflict with this view. The language of Mr. Justice Miller touching the "new cause" or "new force" should not be misunderstood. It simply means a new and independent cause or force within itself sufficient to produce the result, not a cause which proceeds from the primary and all-efficient cause back of it. The distinguished jurist announced no new doctrine or principle from that enunciated in the cases previously referred to herein, nor does it seem that it was his purpose so to do. The principle thus interpreted has been applied by the Circuit Court of Appeals in the Seventh Circuit in a case of much analogy to the present. American Steam Boiler Ins. Co. v. Chicago Sugar Refining Co., 57 Fed. 294, 6 C. C. A. 336, 21 L. R. A. 572. The case was one where a small fire broke out in the insured building and continued for three days, though apparently extinguished each day. On the third day, efforts to put out the fire resulted in bringing it in contact with a cloud of starch dust, which ignited and exploded, demolishing the building, which then burned up. The insurance was against damage by explosion, excluding such as might result from fire. It was held that the insurance company was not liable, as the fire was the proximate cause of the loss, and the explosion was a consequence of the fire, marking a stage in its progress. Where the fire causes the explosion and the explosion accelerates the fire, and loss results, there can be no cavil as to the "primary and efficient cause," the "superior or controlling agency" that brought on the loss. It would be the fire, and thus the fire would be the predominant or proximate cause. The explosion would be but an incident. On the other hand, if the explosion caused the fire, as in the Tweed Case, or if, as in the case of The G. R. Booth, it caused the sea water to enter the ship's hold, and thus to damage the cargo, then the explosion would be the primary, predominating, and proximate cause of the loss, notwithstanding the fire or the water was an element or agency in producing the loss. It is when the one agency is acting independently of the other, and not put into operation by the other, that it can be considered the predominant cause, and, unless so independent, it must needs have been set in action by the other, and that other then, as between the two agencies, would be the predominant or proximate cause of any damage that might ensue. The court's instruction is in full accord with this idea, and is clearly unobjectionable. Nor is the Richmond Coal Co. v. Commercial Union Assur. Co., 169 Fed. 746, 95 C. C. A. 178, op-

posed to this view. In that case the instructions seem to have taken no note of the intervening events, such as explosion, back-firing, and dynamiting, or that the course of the flames might have been changed by wind storms or other natural causes, and it was said that, under the specific instructions rendered, the jury could not be controlled by, nor indeed give any consideration to, whether there were any new or intervening causes, such as explosion, back-firing, dynamiting, and the like, between the fires that may have been started by the earthquake, and that which caused the loss sued for. Not so here, because the trial court specifically told the jury that, if the fire on the premises was caused by and ensued upon an explosion of any kind, then their verdict should be for the plaintiff, because, if such fire "was started by and ensued upon an explosion, it would not be an earthquake-caused fire within the terms of the policy."

It is further insisted, as counsel for plaintiff in error say:

"We believe that, under all authorities, the question as to whether or not the explosion was the proximate cause of the fire which burned plaintiff's property should have been left to the jury."

Upon this predication, it is surmised that an explosion may cause a fire without itself being caused by fire. Very true. But the answer to all this is that the court did leave the question to the jury as to whether an explosion was an independent cause of the fire which destroyed plaintiff's property, or whether it was the result of an earthquake-caused fire. The distinction, we think, was clearly made between the explosion as a controlling and predominating cause of the fire which destroyed plaintiff's property, and the explosion as merely an incident to the fire which produced the loss, and the jury, we must assume, fully understood it.

From these considerations, the judgment of the Circuit Court must be affirmed.

ROSS, Circuit Judge (concurring). In my opinion the instructions of the court below were in strict accord with the ruling of this court in the case of Richmond Coal Co. v. Commercial Union Assur. Co., 169 Fed. 746, 95 C. C. A. 178. In effect, the court told the jury that if the explosion, and not the earthquake, caused the fire, the plaintiff was entitled to recover, but that if the explosion was a mere incident of a fire, caused by the earthquake which consumed the building in question, and not an independent cause of that fire, the verdict should be for the defendant. That was precisely what was held by this court in the case of Richmond Coal Company v. Commercial Union Assur. Co. I therefore concur in the result reached in the present case.