## ACT OF GOD NOT EXCLUSIVE CAUSE OF LOSS.

Court of Appeals for Miami County.

THE CINCINNATI, HAMILTON & DAYTON RAILWAY CO. v.
THE MYERS & PATTY CO.

Decided, November 17, 1915.

*Shipment of Corn Damaged in Flood—After Being Delayed in Transit
by a Defective Car—Negligence in the Matter of the Car—Deprives
the Railway Company of the Defense of Act of God.*

The act of God, to be a defense to an action on the contract of a com-
mon carrier, must be the sole cause of the loss or damage. If
the negligence of the common carrier brings the goods in contact
with the forces of nature, the carrier is liable. *Daniels* v. *Ballan-
tine et al*, 26 Ohio St., 533, distinguished.

*Broomhall & Broomhall*, for plaintiff in error.
*William H. Gilbert*, contra.

ALLREAD, J.

On March 19, 1913, the Myers & Patty Company, at a point
near Covington, Ohio, delivered to the C., H. & D. Railway Com-
pany a carload of corn for shipment to Rheems, Pennsylvania.

The car of corn reached Dayton, Ohio, on the evening of the
day of shipment and was placed upon a siding and so remained
until the forenoon of March 25, 1913, when it was overtaken
and damaged by the great flood.

The Myers & Patty Company thereupon brought suit against
the C., H. & D. Railway Company for failure to safely carry
and deliver the goods shipped according to the consignment con-
tract.

The railway company interposed the defense that the corn was
destroyed by the act of God.

To this the plaintiff replied that the destruction or injury to
the corn was due to negligence of the railway company in fur-
nishing a defective car, necessitating delay in reloading at Day-
ton, and that the negligence of the railway company caused or
at least contributed to the injury to the corn.

Under the issues the case was submitted to a jury.

The facts are not seriously disputed and the question is largely one of law.

It was established that but for the defective car the shipment would have left Dayton promptly and would have passed out of the flood zone in safety.

At the close of the evidence the railway company moved for an instructed verdict upon the ground that the loss was due to the unprecedented flood.

The trial court overruled the motion and permitted the case to go to the jury under instructions in substance that if plaintiff in error was negligent as specified in the reply, and such negligence contributed to the loss or damage to the corn, then the fact that the act of God may have also contributed to the loss was no defense.

It is clear that when the railway company received the carload of corn consigned to Rheems, Pennsylvania, it was bound to promptly make such shipment and delivery unless excused by the act of God, the public enemies, the conduct of the shipper, the inherent nature of the goods or, as held in some cases, by the act or mandate of public authority. *Railroad Co.* v. *O'Donnell,* 49 Ohio St., 489.

The law holds the carrier to a high degree of responsibility for the safe carriage and delivery of the goods shipped, and the burden is upon him to aver and prove his defense when he claims an exemption.

The great weight of authority is to the effect that the act of God, in order to constitute a defense for the carrier, must be the exclusive cause of the injury. *Read* v. *Spaulding,* 30 N. Y., 630; *Michaels* v. *New York Central Rd. Co.,* 30 N. Y., 564; *Wolf* v. *American Express Co.,* 43 Mo., 421; *Bibb Broom Corn Co.* v. *A., T. & S. F. Rd. Co.,* 94 Minn., 269; *Alabama Great Southern Rd. Co.* v. *Quarles & Coutrie,* 145 Ala., 436; *Wabash Rd. Co.* v. *Sharpe,* 76 Neb., 424; *Wald* v. *P., C., C. & St. L. Rd. Co.,* 162 Ill., 545; *Green-Wheeler Shoe Co.* v. *Chicago, R. I. & P. Ry. Co.,* 130 Iowa, 123, 5 L. R. A. (N. S.), 882.

The case of *Read* v. *Spaulding, supra,* holds that if a common carrier receive goods for transportation and in consequence of

his unreasonable delay in forwarding them to their destination they are damaged by the act of God at an intermediate place, he is responsible to the owner. To exempt himself from liability he must show that no act or neglect of his concurred in or contributed to the injury.

The doctrine is thus stated in *Wolf* v. *American Express Co., supra*:

"The act of God which excuses the carrier must not only be the proximate cause of the loss, but the better opinion is that it must be the sole cause, and when the loss is caused by the 'act of God,' if the negligence of the carrier mingles with it as an active and co-operative cause he is still responsible."

*Wabash Rd. Co.* v. *Sharpe, supra,* in the second paragraph of the syllabus, states the same proposition as follows:

"A common carrier is responsible for injury to goods where the goods were exposed to injury by the carrier's inexcusable detention, and the carrier can not in such case plead the act of God as a defense."

*Wald* v. *P., C., C. & St. L. Rd. Co.,* 162 Ill., 545, holds:

"A common carrier is not exempt from liability for a loss occasioned by an act of God, if the carrier has been guilty of any previous negligence which brings the property in contact with the destructive force or unnecessarily exposes it thereto."

The case of *Green-Wheeler Shoe Co.* v. *Chicago, R. I. & P. Ry. Co., supra,* contains a review of all the authorities and holds that reason and the weight of authority sustain the view that the act of God is available as a defense only when it is the sole cause of the loss.

In commenting upon *Coggs* v. *Bernard,* 1 Smith's Leading Cases (8th Ed.), 369, 430, speaking on this subject the author says:

"The true way of looking at this is not that the carrier discharges his peculiar liability by showing an act of God, and is then made responsible as an ordinary agent, for negligence; but that the intervention of negligence breaks the carrier's line of defense, by showing that the injury or loss was not directly

caused by the act of God, or more correctly speaking, was not the act of God.''

The railway.company relies upon the case of *Daniels et al* v. *Ballantine,* 23 Ohio St., 533, and *Urbana Egg Case Co.* v. *Nypano Rd. Co. et al,* 16 N.P.(N.S.), 321.

*Daniels et al* v. *Ballantine et al* involved the relationship of a private carrier and was founded upon negligence. The obligation of a common carrier is more comprehensive and exacting than. that of a private carrier. The common carrier is to a degree an insurer of safe carriage and delivery and its liability is founded upon contract. In an action upon the common carrier's contract it follows that while the act of God is a recognized defense, yet in order to claim the benefit thereof, the common carrier must himself be free from fault or negligence.

The egg case company case was one of mere delay. There was no charge of positive negligence as in the case at bar. Whether that difference calls for a distinction in legal rights we are not called upon to decide.

The evidence was sufficient to justify the jury in finding that the C., H. & D. Railway Co. furnished a defective car, in which the corn was loaded, that this necessitated reloading, and that the car was held in Dayton for that purpose. The delay was the natural and proximate result of the furnishing of the defective car.

Under the evidence, therefore, the railway company was chargeable with the delay so occasioned. Such negligence made the injury to the corn by the flood possible. The carrier is therefore liable.

Judgment affirmed.

FERNEDING, J., and KUNKLE, J., concur.