### 9805

### WRIGHT v. GREENWOOD TELEPHONE CO.

(93 S. E. 398.)

1. TELEGRAPHS AND TELEPHONES — USE OF SIDEWALKS — BARRICADE. — A barricade on a sidewalk in front of a building on which alterations are being made is not required to be impassable, where openings for the ingress and egress for men and materials are necessary; and a substantial notice of exclusion is sufficient for persons who have reached the age of discretion.

2. TELEGRAPHS AND TELEPHONES — USE OF SIDEWALK — ACTION — EVIDENCE.—In an action for personal injury from the dropping of a monkey wrench by defendant's employee at work on a telephone pole inside a barricade, the sufficiency of the barricade and plaintiff's admission that he knew of it and of the notice to "Keep Out" were irrelevant and inadmissible.

3. EVIDENCE—EXPERT TESTIMONY—COMPETENCY—NEGLIGENCE.—In such action testimony of an experienced telegraph lineman who qualified as an expert that it was dangerous to carry a monkey wrench in a body belt was admissible, though the witness himself had not carried a monkey wrench in his body belt.

4. TELEGRAPHS AND TELEPHONES — USE OF SIDEWALK — CONTRIBUTORY NEGLIGENCE — "PROXIMATE CAUSE." — An instruction that plaintiff's negligence was not alone sufficient to bar his recovery unless it was the proximate cause of the injury, which is the last negligent act contributing thereto and without which it would not have occurred, was erroneous, as the "proximate cause" is not necessarily the immediate cause, and as it excluded the operation of intervening causes.

Before BOWMAN, J., Greenwood, October, 1916. Reversed.

Action by S. P. Wright against the Greenwood Telephone Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Grier, Park & Nicholson* and *Giles & Ouzts,* for appellant, cite: *As to negligence:* 1 Labatt, Master and Servant, sec. 35. *Negligence toward public:* 123 Mass. 26; 2 Wash. 25; 57 N. Y. 567; 15 Am. Rep. 530; 98 Cal. 384; 35 Am. St. Rep. 180; 91 Wis. 360; 51 Am. St. Rep. 912; 190 N. Y. 452. *Proximate cause:* Thompson. Neg. (2d ed.), secs. 48, 51; 32 Cyc. 745; 70 S. C. 491; 101 S. C. 59; 81 S. C. 100. *Incompetent servant:* Thompson Negligence, sec. 4910; 63 S. C. 573; 89 S. C. 505.

*Messrs. Giles & Ouzts* and *Ouzts & McCord,* cite: *As to tools:* 72 S. C. 103; 69 S. C. 108; 21 S. C. 102. *Opinion evidence:* 37 S. E. 940; 21 L. R. A. (N. S.) 100, 826; 56 S. C. 656; 17 L. R. A. (N. S.) 113. *Proximate cause:* 21 A. & E. Enc. of L. 482, 496, 497. *Accident:* 90 Mo. App. 267. *Reasonable care:* 21 A. & E. Enc. of L. 464, 471; 119 N. Y. 188. *Negligence:* 119 N. Y. 188; 114 Mich. 233.

*Messrs. Featherstone & McGhee* and *Tillman & Mays,* cite: *As to proximate cause:* 70 S. C. 490; 81 S. C. 579; 51 L. R. A. (N. S.) 888; 45 W. Va. 405; 6 Words & Phrases 5760. *Exemplary damages:* 12 Enc. of L. (2d ed.) 36; 89 S. C. 502; 89 S. C. 20; 42 S. C. 470.

September 5, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for personal injury. The Crescent Theater Company, in Greenwood, was fitting up a building for its use. There was a barricade across the sidewalk on both sides of the building. From each end the barricade extended towards the door. Whether the barricade was open or closed immediately in front or not is in dispute. It was not sufficient, however, to prevent the entrance of the plaintiff and others. A sign "Keep Out" was displayed,

and the plaintiff saw it.   Within the lines of the barricade,
at least, there was a telephone pole which the theater com-
pany desired to have moved.   The defendant undertook to
move the pole.   An employee of the defendant company
was at work on the arms of the pole.   He had around him
a belt to which his tools were attached by hooks.   The plain-
tiff entered the inclosure, went into the house, and while
returning met two friends at the foot of the pole on which
the defendant's servant was at work.   Some movement of
the workmen caused a telephone wire to lift a monkey
wrench from the belt and drop it on the plaintiff's head.
This action is for the jury.

There are three specifications of negligence: (a) The
tools  insufficiently fastened; (b) incompetent servant; (c)
no barricade around the pole.

1.  There was but one question of fact that arises from the
evidence, and that question is: Was it negligence to send
the workman up on the pole with a monkey wrench attached
only by a hook.   There was no evidence that the
servant was incompetent, or that any act of his
was negligent or unskillful.   The monkey wrench
attached to the belt by a hook was the question.   The barri-
cade was there.   The only question was as to whether one
end of the plank was down or both ends were down to allow
the removal of trash from the building.   There is no
requirement that a barricade shall be impassable.   Openings
for the ingress and egress of men and materials are neces-
sary.   Whatever may be the rule as to children and ani-
mals, a substantial notice of exclusion is sufficient for people
who have arrived at the age of discretion.   The plaintiff
admits that he knew of the obstruction and the notice "Keep
Out."   The respondent claims that, as the case stands, these
matters may be considered irrelevant.   Irrelevant matters
are frequently confusing.   They were confusing here, and
should have been eliminated.   The exceptions that raise
these questions are sustained.

2. The next question affects the competency of the testimony of a telegraph lineman that it was dangerous to carry a monkey wrench in the body belt. The witness had much experience in this kind of work, but had never carried a monkey wrench in his body belt. The witness testified to experience in this kind of work and qualified as an expert. The fact that the witness had not carried a monkey wrench in his body belt did not disqualify him. If it did, it would exclude expert evidence as to dangerous methods. A real expert will know the safe and dangerous methods. He is required to know the dangerous methods and avoid them. The witness did not say that a monkey wrench was a dangerous tool, but dangerous to carry it in the body belt. This was the point at issue, and, therefore, relevant.

3. The last point for consideration is the following charge: "I charge you that negligence on the part of the plaintiff is not alone sufficient to bar recovery, but the negligence of the plaintiff to defeat his recovery must be shown to be the proximate cause of his injury. The proximate cause of an injury is the last negligent act contributing thereto and without which the injury would not have resulted." The proximate cause is not necessarily the immediate cause.

This exception is sustained.

Mr. Justice Gage, in delivering the opinion of this Court in *Cannon v. Lockhart Mills,* 101 S. C., pages 62, 63, 85 S. E., pages 233, 234, says:

"The difficulty in the case is this: Are the two causes so connected and related in time, circumstance, and sequence as to make them one cause. The issue we have in mind is well stated thus: 'Where, in the sequence of events between the original default and the final mischief an entirely independent and unrelated cause intervenes, and is of itself sufficient to stand as the cause of the mischief, the second cause is ordinarily regarded as the proximate cause. * * * *Insur-*

*ance Co. v. Tweed,* 7 Wall. 44, 52 (19 L. Ed. 65). This is emphatically true when the intervening cause is the act of some person entirely unrelate to the original actor. Nevertheless a careless person is liable for all the natural and probable consequences of his conduct. If the misconduct is of a character which, according to the usual experience of mankind, is calculated to invite or induce the intervention of some subsequent cause, the intervening cause will not excuse him, and the subsequent mischief will be held to be the result of the original misconduct. This is upon the ground that one is held responsible for all the consequences of his act which are natural and probable and ought to have been foreseen by a reasonably prudent man.' *A., T. & S. F. Railway Co. v. Calhoun,* 213 U. S. 7, 29 Sup. Ct. 321, 53 L. Ed. 674."

The judgment is reversed, and a new trial ordered.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and GAGE concur in the opinion of the Court.

MR. JUSTICE WATTS concurs in the result.