CHICAGO AND ERIE RAILWAY COMPANY *v.* SCHAFF
BROTHERS COMPANY.

[No. 9,400. Filed December 4, 1917. Rehearing denied February
26, 1918. Transfer denied November 18, 1920.]

1. CARRIERS.—*Carriage of Goods.—Loss in Transit.—"Act of
   God".*—An act of God is the manifestation of a superhuman
   power which breaks the chain of causation in the realm of
   human activity. p. 230.

2. CARRIERS.— *Carriage of Goods.— Loss in Transit.— Act of
   God.—Proximate Cause.*—Where plaintiff shipped a piano to
   a point 163 miles distant, and fifteen days later, while the car
   in which it was being transported was standing in a freight
   yard in an intermediate city, it was damaged by a flood, the
   carrier was not liable, since the delay in shipping was not the
   proximate cause of the damage, it being a mere accidental
   coincidence that the piano arrived at such freight yard at the
   same time as the flood. p. 230.

From Huntington Circuit Court; *Samuel E. Cook,*
Judge.

Action by the Schaff Brothers Company against the
Chicago and Erie Railway Company. From a judg-
ment for plaintiff, the defendant appeals. *Reversed.*

*W. O. Johnson, Walter M. Johnson, A. S. Lytton* and
*C. K. Lucas,* for appellant.

*George M. Eberhart* and *Sumner Kenner,* for appellee.

DAUSMAN, J.—Appellee instituted this action against
appellant as a common carrier to recover damages for
the loss of a piano ruined while in transit. Verdict
and judgment for appellee in the sum of $125.

On or about March 10, 1913, Schaff Brothers Com-
pany delivered to the railway company at Huntington,
Indiana, one piano, for carriage to M. H. George at
Middletown, Ohio. The carrier received the piano for
transportation as aforesaid and issued a bill of lading
therefor. The distance from Huntington to Middletown
is 163 miles. On March 25, 1913, while in course of

transportation, at Dayton, Ohio, the piano was damaged by flood which covered the car containing the piano with water and mud while on a track in the C. H. and D. freight yard. The piano was delivered at Middletown on May 15, 1913, and from there returned to the shipper, arriving at Huntington on June 23, 1913. The value of the piano at the time of shipment was $125, and it was rendered worthless by the water and mud of the Dayton flood.

The Dayton flood was caused by an enormous quantity of water falling from the clouds—commonly called a cloudburst—upon the territory drained by the Miami river, which river flows through that city. It came so suddenly that it could not have been predicted. It was so overwhelming in volume and force that it could not be resisted or controlled by human effort. It was unprecedented in that region. That it is an example of that kind of natural phenomena which comes within the strict law definition of an "act of God" is not questioned.

The court gave the following instruction: "5. I instruct you, gentlemen, that a common carrier is relieved from the performance of its contract to carry freight and is relieved from liability for injuries to property in its custody for transportation where such property is damaged or destroyed by some act resulting exclusively from an act of God or other inevitable accident or cause over which it has no control and could not reasonably anticipate or guard against. But this rule does not apply where the carrier has violated its contract to carry with reasonable dispatch and by its unreasonable delay is overtaken by an overpowering cause, even though of a nature not reasonably to be anticipated or foreseen. And so in this case, if you find from the evidence that said piano was caught in the flood while enroute from Huntington, Indiana, to Mid-

MAY TERM, 1920.        229

Chicago, etc., R. Co. *v.* Schaff Bros. Co.—74 Ind. App. 227.

dletown, Ohio, and that such flood was of a nature not reasonably to be anticipated, yet this alone would not excuse defendant if you also find that there was unreasonable delay in forwarding said piano and that such delay contributed to such injury."

Does the instruction correctly state the law? This is "a much-debated legal question." 4 R. C. L. 720; 10 C. J. 126; *Green-Wheeler Shoe Co.* v. *Chicago, etc., R. Co.* (1906), 130 Iowa 123, 106 N. W. 498, 5 L. R. A. (N. S.) 882, 8 Ann. Cas. 45; *Bibb Broom Corn Co.* v. *Atchison, etc., R. Co.* (1905), 94 Minn. 269, 102 N. W. 709, 69 L. R. A. 509, 110 Am. St. 361, 3 Ann. Cas. 450; *Rodgers* v. *Missouri, etc., R. Co.* (1907), 75 Kan. 222, 88 Pac. 885, 10 L. R. A. (N. S.) 658, 121 Am. St. 416, 12 Ann. Cas. 441. Two conflicting rules have been established in different jurisdictions: (1) In several of the states it is held that the act of God completely exonerates the carrier, even though there has been negligent delay in transportation, and these cases rest on the proposition that the delay is not the proximate cause of the loss. (2) In some other states it is held that the act of God does not exonerate the carrier where there has been negligent delay in transportation, and these cases rest on the proposition that the delay is a contributing cause, or a concurring cause, or a proximate cause, or a concurring proximate cause.

Counsel for appellee have called our attention to *Pittsburgh, etc., R. Co.* v. *Mitchell* (1911), 175 Ind. 196, 91 N. E. 735, 93 N. E. 996, as sustaining the instruction. A careful examination of that case discloses that the question was not involved therein, and, so far as we are advised, it has not been decided in Indiana. But see *Reid* v. *Evansville, etc., R. Co.* (1894), 10 Ind. App. 385, 35 N. E. 703, 53 Am. St. 391.

The rule first above stated has been followed consistently by the federal courts. *Insurance Co.* v. *Tweed*

(1868), 7 Wall. 44, 19 L. Ed. 65; *Railroad Co.* v. *Reeves* (1869), 10 Wall. 176, 19 L. Ed. 909; *Scheffer* v. *Railroad Co.* (1881), 105 U. S. 249, 26 L. Ed. 1070; *St. Louis, etc., R. Co.* v. *Commercial, etc., Ins. Co.* (1891), 139 U. S. 223, 11 Sup. Ct. 554, 35 L. Ed. 154; *Kennedy* v. *Bibber* (1892), 50 Fed. 841, 2 C. C. A. 50; *Thomas* v. *Lancaster Mills* (1896), 71 Fed. 481, 19 C. C. A. 88; *Empire State Cattle Co.* v. *Atchison, etc., R. Co.* (1905), 135 Fed. 135; Id. (1907), 210 U. S. 1, 28 Sup. Ct. 607, 52 L. Ed. 931.

We are of the opinion that the first rule is sound. The law holds men responsible for the effects of their acts and omissions within the sphere of human control only. An act of God is the manifestation of a superhuman power which breaks the chain of causation in the realm of human activity. It upsets the best-laid plans of men and spoils all their calculations. Because its coming is beyond the scope of man's prevision and its power beyond his strength to resist, he is not liable for the consequences thereof. In the case at bar the flood was the sole cause of the loss of the piano. The delay in shipping was not a proximate cause, nor a concurring proximate cause, nor a concurring cause, nor a contributing cause, nor any cause. As between the delay and the damage the relation of cause and effect does not exist. The fact that the piano and the flood arrived at Dayton at the same time was a mere accidental coincidence. *International, etc., R. Co.* v. *Bergman* (1901), (Tex. Civ. App.) 64 S. W. 999. See, *Michigan Central R. Co.* v. *Burrows* (1875), 33 Mich 6.

The giving of said instruction is reversible error.

The judgment is reversed and the circuit court is directed to grant a new trial.