## PROVIDENCE WASHINGTON INS. CO. et al. v. COOPER.

### No. 6459.

Court of Civil Appeals of Texas. Texarkana.

June 30, 1949.

Rehearing Denied Sept. 15, 1949.

330

Brachfield, Wolfe & Williams, Henderson, for appellants.

Bath & Turner, Henderson, for appellee.

WILLIAMS, Justice.

The extended coverage provision of the insurance contracts upon which Hugh Cooper, plaintiff below, predicated his recovery insured him against "direct loss by windstorm, hurricane, hail, riot * * * and land vehicles." The policy expressly excepted liability for "any loss caused by snowstorm * * * high water * * * whether driven by wind or not * * *."

A 42 x 100 foot frame building owned and used by plaintiff as a skating rink was hit by a windstorm in the afternoon of January 18, 1948. By late afternoon of the next day a 5-inch snow had fallen in the area. This snow remained for several days. According to plaintiff's testimony, a major part of the roof began to sag immediately after being hit by the windstorm and continued to sag for ten days thereafter, and then collapsed or caved in.

In this suit against Providence Washington Insurance Company and two other companies to recover the face amount of each of three $1,000 policies theretofore issued by defendants he limited or confined his claim upon allegations that the "windstorm was the cause of the damages to the building." Defendants answered with a general denial, and by way of a special defense alleged that plaintiff had failed to comply with provisions of the policy in his submission of proofs of loss.

The jury found in answer to special issue No. 1, that the building "was damaged by windstorm on or about January 18, 1948," and to special issue No. 2, that the building was not damaged by snow on or about January 18, 1948. In response to special issue No. 3, the jury found the fair market value of the building before the windstorm to be $7,500; to No. 4, its fair value before damage by snow, if any, to be $2230; and to No. 5, its fair value, after its damage, if any, by windstorm to be $2230. Issue No. 6 which inquired as to "the fair market value of the building, after its damage, if any, by snow" was not answered, the jury being instructed to answer same if they had answered "yes" to issue No. 2. Upon above findings, plaintiff was awarded judgment for $1,000 against each of three defendants, aggregating $3,000.00.

We are in accord with appellants as asserted under point 1, that the jury's finding in response to special issue No. 2 that "the building was not damaged by snow" is without support in the evidence. The snow that fell on the day following the windstorm was rhime or wet snow, estimated in the evidence to weigh from 15 to 22 pounds to the cubic foot or 6 to 9 pounds weight to the square foot in a 5-inch snow. There is no escaping the conclusion that a weight of 6 to 9 pounds to the square foot upon a roof containing more than 4000 square feet, and there resting for several days upon a then crippled building and undermined roof would aggravate or increase the damages theretofore inflicted by the windstorm. As plaintiff expresses it, "I am sure that the weight of the snow was adding to whatever caused it to go down when the wind wrecked it." "I am unable to separate the damage done by the wind and the damage done by the snow."

Under point two, it is asserted "the damage from wind and damage from snow

not being distinguishable, judgment should be rendered for the appellants". It appears from the matters inquired about in above six issues that the trial court was seeking to ascertain from the jury the damages done respectively by wind and snow. In our judgment to separate the two damages would be most difficult, but we are not prepared to hold such to be impossible. Although tried upon the theory that both snow and windstorm had damaged the building, we are of the opinion that damages caused by snow did not become an ultimate issue under this record.

In the first place, defendants pleaded only a general denial. Rule 94, Texas Rules Civil Procedure, applicable here, provides: "Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability."

■ If it be considered that plaintiff waived the provisions of Rule 94, supra, by proceeding to try the issues as to respective damages so reflected in the special issues, the judgment is to be sustained predicated upon the inescapable conclusion from the evidence that the snow would not have collapsed the roof had not the windstorm by some 24 hours preceded it in which the supporting timbers of the roof had been undermined. It is without controversy that the wind struck the building some 24 hours before the snow. The finding of the jury that the building was damaged by the windstorm finds support in the testimony offered by plaintiff's witnesses that the wind cracked the girders; that immediately after the wind crackling noise of the timbers could be heard which continued for days; that a wall was out of plumb; rafters protruded from the roof and at least one of the wooden columns which supported the crown of the roof had been moved from its foundation by the wind, and as expressed by one witness, he was afraid to go inside.

■ Such circumstances as above detailed and especially in view of the fact that the wind had theretofore crippled and undermined the roof, or controlled by the applicable. rule as succinctly stated in 5 Appleman on Insurance Law and Practice, page 287: "The insured may recover if the cause designated in a windstorm policy is the efficient cause of loss, though there may have been other contributing causes." Or as expressed in 6 Couch's Cyclopedia of Insurance Law, Sec. 1466, p. 5303, "When concurring causes of the damage appear, the proximate cause to which the loss is to be attributed is the dominant, the efficient one, that sets the other causes in operation, and causes which are incidental are not proximate, though they may be nearer in time and place to the loss." Fireman's Ins. Co. of Newark v. Weatherman, Tex.Civ.App., 193 S.W.2d 247; Phenix Ins. Co. v. Charleston Bridge Co., 4 Cir., 65 F. 628; German Savings & Loan Soc. v. Commercial Union Assur. Co., 9 Cir., 187 F. 758; Trexler Lumber Co. v. Allemannia Fire Ins. Co., 289 Pa. 13, 136 A. 856, 858. Appellants cite in support of their contention Coyle v. Palatine Ins. Co., Tex.Com. App., 222 S.W. 973 and Palatine Ins. Co. v. Petrovich, Tex.Civ.App., 235 S.W. 929, which have been examined and which in our judgment are not in point.

■ Complaint is made that the burden of proof was placed upon appellants in special issue No. 2 to establish that the building was damaged by snow on or about January 18, 1948. Appellants are in no position under their pleading to urge that the burden of proof on such issue was on plaintiff. Rule 94, T.R.C.P., supra.

The other points presented have been considered and are respectfully overruled.

The judgment is affirmed.