LOUIS WOLF, Respondent, *v.* THE AMERICAN EXPRESS COMPANY, Appellant.

1. *Carriers, Common — Liability for losses caused by cold.* — In an action against a common carrier for damages caused by the freezing of certain casks of wine, where it appeared in evidence that the cold weather was not the sole, nor entirely the proximate, cause of the injury, and that the loss would not have taken place nor the damage occurred had not the negligence and inattention of defendant co-operated with the cold: *held,* that plaintiff was entitled to recover for the loss of the merchandise. Where no restriction is stipulated for, the common carrier is held liable as an insurer, and is responsible in that high degree of diligence commensurate with the duties he assumes. And his liabilities will extend to agencies which the violence of nature causes in consequence of his negligence or defective means.

2. *Carriers, Common—Act of God, losses caused by—Carrier responsible for, in what cases.*—The act of God which excuses the carrier must not only be the proximate cause of the loss, but the better opinion is that it must be the sole cause. And when the loss is caused by the "act of God," if the negligence of the carrier mingles with it as an active and co-operative cause he is still responsible.

3. *Carriers, Common—Damages caused by want of reasonable care, skill, and attention—Burden of proof.*—After the damages to the goods have been established, the burden of proof lies upon the carrier to show that they were occasioned by the act or peril which the law recognizes as constituting an exemption; and then it is still competent for the owner to show that the injury might have been avoided by the exercise of reasonable skill and attention on the part of the persons employed in the conveyance of the goods. Such a loss will not be held to exempt the carrier from liability, but to have been occasioned by his negligence and inattention to duty.

4. *Carriers, Common—What degree of attention and care required, determined by the character of the goods.*—The carrier must not only exercise diligence, but he must use that degree of attention and care which the occasion and subject committed to his trust demand. What would be sufficient care in case of ponderous articles, not liable to be deteriorated by exposure, might be the most palpable neglect in case of costly and perishable goods.

### *Appeal from St. Louis Circuit Court.*

At the trial the court gave the following instructions, on motion of plaintiff:

"The term 'act of God,' in law, means a cause which operates without any aid or interference from man; for if the cause which produced or occasioned the injury became destructive by human agency or co-operation, then the loss is to be ascribed to man, and not to God."

"And if the jury believe from the evidence that the wine in question was damaged after it was received by the defendant, and before it was delivered to the plaintiff, then the jury must find for the plaintiff—unless they further find from the evidence that the 'act of God' was the immediate and sole cause of such damage, and that the defendant was not guilty of any carelessness, negligence, or fault which conduced to the damage."

"The burden of proving that the injury complained of (if any happened) was caused by the 'act of God' rests upon the defendant in the first instance."

"If the jury believe from the evidence that, after defendant

received the wine in question, and before the same was delivered to the plaintiff, the defendant permitted said wine carelessly to lay exposed in the weather, and thereby the same was frozen and spoiled, they will find for the plaintiff — unless the jury further find that the defendant was prevented from taking proper care of said wine by the ' act of God.' "

To the giving of which, defendant at the time excepted.

On motion of defendant, the court gave the following instructions :

"If the jury believe from the evidence that the wine of plaintiff was damaged by reason of the sudden and extreme change of weather, and without any carelessness. or negligence on the part of defendant, its agents, servants, or employees, they will find for defendant."

" The common carrier is not liable for injury to property in its charge which is occasioned by the ' act of God ;' and extreme cold weather is such an act. If, then, the jury believe from the evidence that the injury complained of was by reason of the severe cold, and that the carrier could not, by the exercise of the greatest care and foresight which its agents or employees could have exercised under the circumstances, prevent the accident, then the jury will find for the defendant."

A statement of the case will be found in the opinion of the court.

*Knox & Smith*, for appellant.

The wine was unquestionably damaged by reason of the extreme cold. This is the direct act of God, over which man has no control. For such damage the carrier is not liable. (Sto. Bailm. §§ 492, 510 *et seq.;* Edw. Bailm. pp. 168, 456, 457 ; 40 Mo. 491 *et seq.*) The wine was destroyed by no human agency. The whole injury was the result of storm and cold. For such injury the carrier is not liable.

*Jecko & Hospes*, and *Clover*, for respondent.

I. The carrier is bound to take all possible care of goods consigned to his charge as such, and is responsible for every injury

which might have been prevented by human foresight and prudence. This has been the rule of the common law for ages. (Woodrefe v. Curtis, 1 Rol. Abr. 2 ; Co. Litt. 89, *a*.)

II. The only exceptions to the responsibility above declared are acts of God or the public enemy, and then excepted in the contract of affreightment itself. 1. The damage done was not the result of any cause excepted in the contract of affreightment. 2. It was not the act of the public enemy. 3. It was not the act of God. The phrase "the act of God" has been said to mean the same thing as "inevitable (or unavoidable) accident." But this is a mistake. The rule is intended to hold the common carrier responsible, wherever it was possible that he caused the loss either by negligence or design. Hence, "the act of God" means some act in which neither the carrier himself nor any other man had any direct and immediate agency. Lord Mansfield, in Proprietors of Trent and Mersey Navigation Co. v. Wood (3 Esp. 131; 4 Doug. 290), says : "The act of God is a natural necessity, as winds and storms which arise from natural causes, and is distinct from inevitable accident. (3 Kent, 213 ; Steamboat Lynx v. King & Fisher, 12 Mo. 275 ; McArthur v. Sears, 21 Wend. 190 ; Jeremy on Carriage, 59 ; Bowman v. A. T. & E. M. Teall, 23 Wend. 306.)

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced by the plaintiff to recover damages sustained by reason of the freezing of his wine while in the charge and custody of the defendant. The facts are shortly these : The plaintiff delivered at New York, to defendant, a common carrier, a quantity of wine in casks and cases, to be transported and delivered to him at St. Louis. The wine arrived at East St. Louis on Saturday, the 31st day of December, 1863. At the time of its arrival the weather was severely cold, and, on account of the ice floating in the river, it could not be ferried across and delivered to the plaintiff. Defendant had it taken from the cars and stored on a platform, where it was exposed to all the severity and inclemency of the weather from Saturday evening till the next Monday or Tuesday, and while it was lying in this situation

it was badly frozen and greatly damaged in value. It is in evidence that wine properly stored or protected was not frozen or injured during the cold weather at that time. The only ground requiring any attention, relied on to exonerate the defendant, is that the cold weather which caused the freezing was the act of God, and therefore no liability resulted.

The liability of a common carrier has been often discussed and clearly defined. He is held to a very stringent responsibility. He is not only responsible for any loss or injury to the goods he carries which is caused by his negligence, but the law raises an absolute and conclusive presumption of negligence whenever the loss occurs from any other cause than "the act of God or the public enemy." Where no restriction is stipulated for, he is held liable as an insurer, and is responsible in that high degree of diligence commensurate with the duties he assumes. And his liabilities will extend to agencies which the violence of nature causes in consequence of his negligence or defective means. (Levering *et al.* v. Union Transportation and Insurance Co., 42 Mo. 88.) Prof. Parsons, in his work on contracts, says: "We take the true definition of the ' act of God' to be a cause which operates without any aid or interference from man. For if the cause of loss was wholly human, or became destructive by human agency and co-operation, then the loss is to be ascribed to man, and not to God, and to the carrier's negligence; because it would be dangerous to the community to permit him to make a defense which might so frequently be false and fraudulent." (2 Pars. Cont. 159, 5th ed.)

. The act of God which excuses the carrier must not only be the proximate cause of the loss, but the better opinion is that it must be the sole cause. And where the loss is caused by the act of God, if the negligence of the carrier mingles with it as an active and co-operative cause he is still responsible. (Amies v. Stevens, 1 Stra. 128; Williams v. Branson, 1 Mur. 417; Williams v. Grant, 1 Conn. 487; Campbell v. Morse, Harp. L. 468; Clark v. Barnwell, 12 How. U. S. 272; New Brunswick L. Co. v. Tiers, 4 Zab. 697.)

After the damages to the goods have been established, the

burden lies upon the carrier to show that they were occasioned by the act or peril which the law recognizes as constituting an exemption, and then it is still competent for the owner to show that the injury might have been avoided by the exercise of reasonable skill and attention on the part of the persons employed in the conveyance of the goods. For then it is not to be deemed to be, in the sense of the law, such a loss as will exempt the carrier from liability, but rather as a loss occasioned by his negligence and inattention to duty. Therefore, although the loss occurs by the act of God or the public enemies, yet, if it might have been avoided by skill and diligence at the time, the carrier is liable. It is true that storms, thunder, lightning, and extreme cold, are all acts of God, but when these occur, and they directly act upon the goods in course of conveyance, it will be no justification to the carrier if loss or injury happen through his carelessness, neglect, or failure to exert reasonable diligence for their safety and preservation. The cold weather was not the sole nor entirely the proximate cause of the injury which happened to the wine by means of freezing. Had not the negligence and inattention of the defendant co-operated with the cold, the loss would not have taken place, nor the damage occurred. The carrier must not only exercise diligence, but he must use that degree of attention and care which the occasion and subject committed to his trust demand. What would be sufficient care in case of ponderous articles, not liable to be deteriorated by exposure, might be the most palpable neglect in case of costly and perishable goods. His acts and exertions must be commensurate with his duties. If, in consequence of his negligence or defective means, a loss occurs, springing out of the agencies which the violence of nature causes, he will not be excused.

I see nothing objectionable in the action of the court in giving or refusing instructions. The question of negligence was fairly submitted to the jury, and, they having found for the plaintiff, the judgment will be affirmed. The other judges concur.