H. M. VAIL, Respondent, *vs.* PACIFIC. RAILROAD, Appellant.

*Damages—Freezing of fruit trees on railroad—Delay and exposure—Witness— Testimony not an opinion, when.*—Where fruit trees, shipped on a railroad, were frozen while *en route*, the freezing was held to be the act of God, for which the company was not liable, unless caused by unnecessary delay in transporting them, or their careless exposure to the cold, and the burden was held to be on the owner to show such careless exposure. And if frozen while remaining in the cars at the terminus of the route, instead of being placed in the warehouse, the company was not held reponsible on that account if the cars afforded a better shelter than the warehouse.

In such an action testimony of a witness, that if shipped as promised, the trees " would have gone through all right," was held not objectionable as being a mere opinion of the witness.

### *Appeal from Jackson Circuit Court.*

*J. N. Litton & Ewing, with Smith & Pope,* for Appellant, cited : Winters vs. Hann. & St. Jo. R. R. Co., 39 Mo. 468 (latter part of opinion) ; Sparr & Green vs. Wellman, 11 Mo. 230 ; Nemark vs. Liverpool & London Fire and Life Ins. Co., 30 Mo. 160.

*Tichenor & Warner,* for Respondent, cited : Hill vs. Sturgeon, 28 Mo. 323 ; Wolf vs. The Am. Exp. Co., 43 Mo. 421 ; Morrisey vs. Wiggins Ferry Co., 43 Mo. 385.

WAGNER, Judge, delivered the opinion of the court.

This was an action to recover damages from the defendant on account of the loss, by freezing, of certain trees, which, it was alleged, occurred by reason of defendant's negligence and delay in not transporting them as it was its duty to do.

The evidence tended to show that defendant received one thousand peach trees and fourteen pear trees at Lee's Summit, to be shipped to plaintiff at Independence, a distance of from twelve to fourteen miles. They were loaded on defendant's cars on Friday in the afternoon, and there were three freight trains per day, one at 10 A. M., one at 5.33 P. M., and one at 9 P. M., passing Lee's Summit to Independence. The trees did not reach this last place until the night of Saturday, and they laid in the cars until Mon-

day, when they were delivered to the plaintiff in a frozen condition.

Defendant's agent was requested to send the trees forward the same evening on which he received them, and there were two freight trains which went westward on the same evening after the trees were put upon the cars. Plaintiff was present at the depot at Independence, waiting to receive his trees on Friday evening, and on Saturday morning and evening, and did not leave till after dark. The trees arrived that evening after he left, but he was not notified and did not get them till the next Monday morning Friday was pleasant, and it began to turn cold on Saturday afternoon, and Saturday night and Sunday were cold, and the weather was freezing.

The trial was before the court and a jury, and the court refused to allow anything as damages, except the market value of the trees. There was a verdict for the plaintiff.

For the plaintiff the court gave two instructions:

The substance of the first was, that if the jury found from the evidence that the trees were delayed in their delivery, and that such delay was unnecessary, then they should find for the plaintiff, providing they believe from the evidence, that because of such delay the trees were frozen, and by such freezing they were damaged or killed.

The second instruction declared that, although the jury might believe from the evidence that the delay, if any, in forwarding the trees to plaintiff, was occasioned in whole or in part by a lack of proper or sufficient appliances for transportation on the part of the defendant, yet that furnished no excuse for the delay.

For the defendant the court instructed the jury, that if they believed from the evidence that the trees in question were transported in a reasonable time, or were frozen within what would have been a reasonable time, for transporting the same from Lee's Summit to Independence, and that the agents and servants of defendant, during such reasonable time, had placed and kept the same in a sound, good, close box car, which was kept closed and fastened, and that the trees were in the box car when they

were frozen, and such freezing took place before their arrival at Independence, then the finding should be for the defendant.

There was a further instruction, that if the jury believed from the evidence that the trees in question were frozen and injured after they arrived at Independence, and that there was no careless exposure to cold of the trees by the defendant, after their arrival, then the finding should be for the defendant.

The court gave three declarations of its own motion. The first told the jury that in determining the question as to whether there was or was not an unnecessary and unreasonable delay in the transportation of the trees by the defendant, the jury should take into consideration the nature of the freight to be transported, and the reasons, if any, for the delay, if a delay occurred, and all the facts and circumstances in relation thereto ; 2d, that if the jury believed from the evidence that the defendant left the trees in the car in which they were transported from Lee's Summit at the depot in Independence, and if they further believed that such car was a more suitable place to protect the trees from the cold, than to have unloaded and deposited them in the warehouse at the depot ; and that the injury to the trees occurred after their arrival at the depot at Independence, while so remaining in the car, then, for such injury, the defendant was not liable ; 3d, that if the jury believed from the evidence that the trees in question were injured and killed by being frozen while in the custody of the defendant, at any time after their receipt, and before their arrival at Independence, such freezing was an act of God, for which the defendant was not liable, unless it was found that the freezing was caused by the unnecessary delay of defendant in transporting the trees, or by the negligent or careless exposure of them to the cold, and the burden of proof was on the plaintiff to show such careless or negligent exposure.

The instructions taken together are unobjectionable, and clearly define the rights, limits and responsibilities of the defendant as a common carrier. From the law as thus laid down, it is evident that the jury must have found that there was unnecessary and unreasonable delay in transporting the trees, and that, if that delay

had not occurred, the trees would not have been frozen; that the injury was not occasioned by the act of God, but by the carelessness and remissness of the carrier.

The counsel for the appellant now concede in this court, that the case was fairly tried, but they ask for a reversal on the ground that the court admitted illegal testimony. That testimony is found in the deposition of Mr. Johnson, who delivered the trees at the depot to be shipped, and is that: " if they had been shipped that evening as promised by the freight agent, they would have gone through all right." It is now contended that this was a mere opinion of the witness, which he had no right to give, and therefore the case should be reversed. It is true that, ordinarily, the opinions of witnesses are not admissible. in evidence. But the evidence objected to can hardly, with propriety, be called an opinion. It was more in the nature of testifying to a fact.

The whole case shows that on the evening on which the trees were delivered, it was warm and pleasant. The witness says that the agent promised to send them forward that evening, and as the distance was only twelve or fourteen miles, it was a fact which might well be asserted, that if the promise had been complied with the trees would not have been frozen. This objection is too immaterial and unsubstantial to reverse a case which was otherwise well and fairly tried.

Judgment affirmed. All the judges concur, except Judge Hough.