## CLEMONS PRODUCE COMPANY, Appellant, v. DENVER & RIO GRANDE RAILROAD, Respondent.

### Kansas City Court of Appeals. January 26, 1920.

1. **COMMON CARRIER: Potatoes: Freezing: Negligence: Act of God.** A shipper in midwinter while the weather was severely cold, loaded a car of potatoes into a car furnished by a carrier to be shipped from one point to another in Colorado. On arrival at destination, he directed the car to Kansas City, Missouri and from there to a point in Kansas, where they were found to be frozen. It was agreed that the carrier was not negligent. It was *held* that the freezing was the act of God and the carrier was not liable as an insurer. It was further *held* that as the freezing was caused by the infirmity or inherent nature of the potatoes, the carrier was not liable on that ground.

2. ———: **Tariff Rates: Heating: Special Facilities: Discrimination.** A carrier's tariff rates posted and published made no provision for heating a car by stove with an attendant and it was *held* that, such carrier could not lawfully agree to furnish such heat for a shipper shipping a car of potatoes, since that would be an unlawful discrimination in favor of the shipper under the Interstate Commerce Law.

3. ———: **Interstate Commerce: Administrative Question.** The question whether a heating stove for cars containing perishable freight in the winter should, or should not, be furnished by the carrier is an administrative one and belongs to the Interstate Commerce Commission exclusively.

4. ———: **Cummins Amendment: Actual Loss: Liability.** The Cummins Amendment to the Interstate Commerce Statute only annuls agreements for less than the actual loss; and it does not change the statute as written before that amendment, that the loss must be caused by something for which the carrier is liable.

5. ———: **Freezing Weather: Act of God: Below Zero.** Freezing weather with thermometer showing from zero to 11 degrees below whereby potatoes in transit are frozen is an act of God, and the carrier who is free from negligence is not liable.

6. ———: **Perishable Freight: Insurer.** A carrier is not liable as an insurer of freight where perishable goods are frozen in transit.

7. ———: **Special Facilities: Negligence.** When the carrier does not offer special facilities against freezing of perishable freight such as heat for the car of potatoes, but expressly stipulates that if a stove was used the shipper should furnish it and an attendant, the shipper assumes the risk of all such injury as was not occasioned by the carrier's negligence.

Appeal from Jackson Circuit Court.—*Hon. Thos. B. Buckner,* Judge.

AFFIRMED.

*Lebrecht & Kaspar* for appellant.

*Edward J. White* and *Thos. Hackney* for respondent.

ELLISON, P. J.—About the middle of January, 1917, plaintiff shipped a carload of potatoes over defendants railroad from Chocra, Colorado, to Pueblo, in the same State. The car arrived in Pueblo, but was allowed to remain there by plaintiff more than two days when it was diverted by his order over other roads to Kansas City, Missouri, and then again diverted to Solomon, Kansas, where it was found a large part of the potatoes were frozen; whereupon plaintiff brought this action for damages. The judgment in the trial court was for defendant.

The case was heard by the court on an agreed statement of facts without the aid of a jury. It appears that the weather was very cold and that defendant furnished plaintiff with a refrigerator car "well papered and heavily strawed" and that plaintiff placed a stove therein during the three days of loading (January 11th, 12th and 13th) which he (plaintiff) kept fired, but removed immediately after the loading was completed and bill of lading signed. No instructions were given defendant as to the care to be taken of the shipment except those contained in the bill of lading.

At the time of this shipment tariff rates were filed with the Interstate Commerce Commission, known to plaintiff, in which no provision is made for heating the car, but on the contrary containing provisions or rules by which it appeared that "rating provided for freight in carloads do not obligate the carrier to furnish heated cars, nor to maintain heat in cars, for freight requiring such protection, except under conditions which the carrier's tariffs provide."

"Stoves, used in cars, and the fittings and fuel therefor, must be furnished by shipper, and the fuel must consist of coal, coke or charcoal, unless otherwise permitted by regulations of individual carriers." The bill of lading incorporated the tariff as a part of its provisions.

It was agreed that the potatoes would not have frozen had a stove been kept in the car heated during transportation. It was further agreed that there was no negligence on the part of either of the carriers during the transportation, "the plaintiff contending and the defendant denying that the defendant is an insurer to such an extent as makes it liable for the freezing of the potatoes during transit, notwithstanding absence of negligence."

Since defendants posted and published tariff rates made no provision for heating the car, it would have been a violation of the law for it to have agreed to such special services; it would have been furnishing special and discriminatory service to plaintiff in the face of the federal statute. [Railroads v. Kirby, 225 U. S. 155; Cleveland & St. L. Ry. v. Dettlebach, 239 U. S. 588, 594.] Furthermore such services as furnishing a heating stove and attendant are special facilities not common to the act of transportation and what the Supreme Court of the United States has called "administrative," belonging to the Interstate Commission exclusively. [A. T. & S. F. Ry. v. United States, 232 U. S. 199; Loomis v. Lehigh alley R. R., 240 U. S. 43.]

But in avoidance of the foregoing considerations plaintiff cites a change in the Interstate Commerce statute known as the Cummins Amendment adopted 1915, since the foregoing cases were decided (Sec. 8604a, 8 U. S. Compiled Stat. 1916) wherein it is declared that an interstate carrier shall be liable to the lawful holder of the bill of lading "for the full actual loss, damage or injury to such property caused by it," or other carrier

to whom it may be delivered, "not withstanding any limitation of liability, or limitation of the amount recovered or representation or agreement as to value" contained in the bill of lading, contract rule regulation, or in any tariff filed with the Interstate Commerce Commission; "and any such limitation, without respect to the manner or form in which it is sought to be made, is hereby declared to be unlawful and void."

It will be observed by comparison of the statute before and after amendment, that there was no change made in the requirement that the loss shall have been *caused by the carrier*. So that notwithstanding the full loss is to be paid regardless of tariff rates, or provision in the contract to the contrary, yet such loss must have been a loss for which the carrier would have been liable at common law and must have been caused by the carrier. The amendment did not affect the causes which would put liability for loss on the carrier, it only prevented a contract reducing totally or partially the *amount* of a loss for which the carrier was liable under the ordinary rules of law. In Adams Express Co. v. Croninger, 226 U. S. 491, 506, the Supreme Court of the United States said: "The suggestion that an absolute liability exists for every loss, damage or injury, from any and every cause, would be to make such a carrier an absolute insurer, and liable for unavoidable loss or damage though due to uncontrollable forces. That this was the intent of Congress is not conceivable. To give such emphasis to the words, 'any loss or damage,' would be to ignore the qualifying words, 'caused by it.' The liability thus imposed is limited to 'any loss, injury or damage caused by it or a succeeding carrier to whom the property may be delivered,' and plainly implies a liability for some default in its common-law duty as a common carrier." That case was approved in Cincinnati & Tex. Pac. Ry. v. Rankin, 241 U. S. 319, 326. The Cummins amendment did not affect the statute as to what should cause the loss. It must be a loss caused by the carrier, since the amendment as well as

before, and those cases, on the point we are considering, are as applicable since, as before, that amendment.

We are thus brought to the question whether the loss occasioned by the freezing of the potatoes in transit is a loss caused by defendant in the sense of the law. The cold weather was extreme. It appears from the agreed statement of facts that potatoes standing still in a refrigerator car for twenty-four hours in zero weather will freeze; and that between the time of receiving the potatoes from plaintiff at Pueblo and their final arrival (by plaintiff's diversion orders) at Scammon, Kansas, the temperature reached eleven degrees below zero. Freezing in "extreme" cold weather (by which we understand unusual and extraordinary weather) was said to be an act of God, for which a carrier is not liable unless his negligence mingled with that act, in which case the negligence will be considered the proximate cause. [Wolf v. Express Co., 43 Mo. 421; Vail v. Railroad, 63 Mo. 230; Swetland v. Railway, 102 Mass. 276.]

Furthermore, even though a freeze in extreme weather should not be considered an act of God, as in McGraw v. Railroad, 18 West Va., 361, yet as held in that and many other cases, if the loss occurs through the perishable character of the freight, unmingled with the carrier's negligence, it is not his act and he should not be held liable, though the burden would be on him to show that fact. [Fish v. Railroad, 163 N. Y. Sup. 439; Swartz v. Railroad, 128 Ky. 22; Michellod v. Navigation Co., 168 Pac. 620, 86 Oregon, 329, 335; Moore on Carriers, sec. 10, p. 336, 337; 10 Corpus Juris., 122; McGovern v. Railroad, 165 Wis. 525.] In the last case it is said: "It is insisted for them that a carrier, in the transportation of perishable articles, (apples) is responsible for damages accruing, and that any damage resulting from a negligent act cannot be justified by custom or usage. Where the injury to the goods is due to their own inherent nature and from natural causes, such as freezing, without fault on the

part of the carrier, he is not responsible.   [16 Cyc. 381; Wolf v. Express, 43 Mo. 421, 97 Am. Dec. 406;  McGraw v. Railroad Co., 18 W. Va. 361, 41 Am. Rep. 696;   5 Thompson on Negligence, sec. 6456.]   The carrier is also not responsible for any injury which is due to the negligence of the shipper.   [6 Cyc. 379.]   The defense presented, in the answer is not that a negligent act of the carrier may be justified by custom or usage.   The defense is that the carrier was not negligent.''

Plaintiff has called our attention to a number of cases not in point, though others are contrary to those we have cited.  But as said by the Supreme Court of the United States in Railway v. Rankin, 241 U. S. 319, 326. ''The shipment being interstate the rights and liabilities of the parties depend upon acts of Congress, the bill of lading and common-law rules as accepted and applied in the federal tribunals,'' and we find those tribunals are in accord with the rule we have approved.   [The Prussia, 88 Fed. 531, 533; Nelson v. Woodruff, 66 U. S. 156.] But it is stipulated in the agreed statement of facts that neither defendant nor either of the connecting carriers was guilty of negligence.  It would therefore clearly appear to follow that the loss was not caused by defendant and there is no liability.   Hence the trial court properly so declared.

We have already seen that defendant not only did not offer special facilities to prevent the potatoes from freezing, but expressly stipulated that if a stove was used in the car it, the fuel and attendant should be furnished by plaintiff.  He, of course, knew the character of freight he was shipping at the time he delivered it.   He knew its liability to injury by extreme cold weather and he chose to assume the risks of all such injury as did not result from defendant's negligence.

Mention has been made of Cudahy Packing Co. v. Railroad, 193 Mo. App. 572 and Dean v. Railroad, 148 Mo. App. 428.  Neither is applicable.  Whatever inference may be drawn from the former is against the position taken by the plaintiff.  The judgment is affirmed.   All concur.