PIONEER TRUST CO., Plaintiff in Error, v. NASHVILLE, CHATTANOOGA & ST. LOUIS RAILROAD CO., Defendant in Error.

Kansas City Court of Appeals, June 26, 1920.

1. **BILL OF LADING: Interstate Commerce Act: Rules and Regulations.** Under the provision of the Interstate Commerce Act requiring carrier to file with the Interstate Commerce Commission schedules which shall plainly state all rules or regulations which in any wise change, affect or determine to value of the service rendered to the shipper the defendant carrier's regulation that no shipper would be permitted to divert or reconsign a shipment and have a new bill of lading issued unless the original bill of lading is surrendered, is part of the contract of shipment.

2. **———: Issuance of New Bill of Lading without Requiring Surrender of Old: Estoppel.** Since the defendant carrier was forbidden by regulation filed with the Interstate Commerce Commission to issue a new bill of lading without requiring a surrender of the old, on a diversion or reconsignment of the shipment, its act in so doing was void and it cannot be held liable under a theory of estoppel, though the new bill of lading contains a recital that the old bill has been surrendered.

Writ of Error to Jackson Circuit Court.—*Hon Thos. J. Seehorn*, Judge.

AFFIRMED.

*Scarritt, Jones, Seddon & North* for plaintiff in error.

*J. M. Souby* for defendant in error.

BLAND, J.—This is an action in four counts, each on a different bill of lading issued by the defendant covering a carload of baled hay. It is alleged that defendant failed to deliver the hay in accordance with the terms of the bills of lading. There was a trial before the court without the aid of a jury and judgment having been for the defendant on each count, plaintiff has appealed. The first count is on a bill of lading issued by the defendant and is the same bill of lading mentioned as having been issued by the Nashville, Chattanooga and St. Louis Railroad Company in count one of the case of Pioneer Trust Company v. Missouri Pacific Railroad Company, decided at this sitting but not yet reported. The facts involved in this case will be found in the opinion in that case.

The stipulation filed in this case recites that counts two and three of the petition grew out of and are respectively founded upon transactions similar to that recited with reference to the first count of the petition, and it was stipulated that if the judgment be in favor of plaintiff on the first count it should be in favor of plaintiff for certain sums on the second and third counts, and if in favor of defendant on the first count, it would be the same on the second and third counts. The fourth count involved a bill of lading issued by defendant's commercial agent under circumstances similar to those under which the bill of lading sued upon in the first count was issued. The fourth count differs from the others in that no bill of lading was issued subsequently to that by defendant's agent. and in that the draft attached to the original bill of lading of the line actually taking the shipment at Kansas City was paid at Atlanta, Georgia, by the person who was to be notified thereat, and plaintiff received the proceeds which it still retains. The draft to which the original bill of lading was attached was for

a greater amount than the draft attached to the bill of lading involved in this suit. The principles of law relative to all four counts are the same.

In this case plaintiff in its reply pleaded that the bills of lading mentioned in plaintiff's petition were issued by defendant's general agent and upon their face were lawfully executed, and that each "recites upon its face that it was issued in exchange for another bill of lading, and plaintiff says that defendant ought not now to be heard to say to the contrary and is estopped from saying to the contrary inasmuch as plaintiff accepted and acquired the said bill of lading relying upon the representations therein contained." It is admitted in plaintiff's brief that unless defendant's agent had authority to issue the exchange bills of lading involved in this case or that defendant is estopped from denying that it had in its possession the original bills of lading when it issued the exchange bills reciting that it had received the hay, plaintiff is not entitled to recover.

The Interstate Commerce Act (Sec. 8569, U. S. Compiled Statutes, 1918) provides—

"Every common carrier subject to the provisions of this Act, shall file with the commission . . . schedules" which "shall plainly state" among other things "all privileges or facilities granted and allowed and any rules or regulations which in any wise change, affect, or determine any part of the aggregate of such aforesaid rates, fares, and charges, or the value of the service rendered to the passenger, shipper, or consignee."

The rules and regulations duly published and filed which in any wise affect the rates or the value of the service to be rendered are controlling upon both parties to the shipping contract. [Boston and Maine Rd. Co. v. Hooker, 233 U. S. 97; Zoller Hop Co. v. So. Pac. Co., 143 Pac. 931 (Ore.); Cicardi Bros. v. Pennsylvania Co., 201 Mo. App. 609.]

Defendant's tariff, rules and regulations filed with the Interstate Commerce Commission, covering conditions upon which a shipper would be permitted to divert

or reconsign a shipment in transit by exchanging bills of lading, provide that the original bill of lading must be surrendered before a new bill of lading is issued. That this is a service in connection with the transportation of property, there is no question. [Detroit Traffic Asso'n v. L. S. & M. S. Ry. Co., 21 I. C. C. 257, 262; In re Mileage Tickets, 23 I. C. C. 95; Doran & Co. v. N. C. & St. L. Ry. Co., 33 I. C. C. 523, 527.] To hold that defendant might lawfully issue exchange bills of lading without receipt of the originals would plainly be permitting a discrimination among shippers, which is prohibited by the Commerce Act. [Sec. 8597, U. S. Comp. Stat. 1918; Cicardi Bros. v. Pennsylvania Co., supra; Banaka v. Mo. Pac. Ry. Co., 193 Mo. App. 345; Cudahy Packing Co. v. Bixby, 199 Mo. App. 589; Harelson v. St. L. & S. F. Ry. Co., 191 S. W. 1068.]

It is apparent that even if the agent who issued the exchange bills of lading without having the original ones in his possession was *pro hac vice,* the defendant corporation itself, such act under the federal statutes would be absolutely void. It is, therefore, immaterial as to what was the extent of the authority of defendant's agents who issued these exchange bills of lading involved in this case. Defendant being forbidden to issue the bills of lading sued upon in the first place, of course, could not be rendered liable under any theory of estoppel. The case of Smith v. Mo. Pac. Ry. Co., 74 Mo. App. 48, was rendered before the enactment of the federal statutes, supra, and, therefore, has no bearing upon this case.

The manifest hardship done the innocent holders of bills of lading by the rule found in the federal cases, is alleviated to a great extent bv the Pomerene Bill of Lading Act (Sec. 8604 a to w, U. S. Comp. Stat., 1918) making interstate bills of lading negotiable. However, this act went into effect subsequent to the occurrences out of which this suit arose.

The judgment is affirmed. All concur.