These three cases were consolidated in the trial court, tried upon the same testimony and submitted to one jury. They are for damages suffered to plaintiffs on account of decline in the market and extra shrinkage of live stock due to the alleged negligent delay of defendant in transporting the live stock from McCredie and Auxvasse, Missouri, to the National Stock Yards of East St. Louis, Illinois. There were verdict for plaintiffs in each case.
There is no dispute concerning the delays but defendant pleaded that they were "due to unusual cold weather and storm conditions, which delayed the movement of freight and retarded the progress of trains."
The evidence shows that the shipments were made on the 10th, 11th and 12th days of December, 1917. Each train left the place of shipment in the afternoon and under normal conditions was due to arrive at the National Stock Yards about 8:00 A.M. the next day in time for the market of that day, which opened at 10:00 A.M. and closed at 2:00 P.M. All of the shipments arrived at the stock yards too late for the day's market. The stock had to be held over until the day after it arrived at the stock yard, causing extra shrinkage and sales upon a declining market.
McCredie and Auxvasse are located upon defendant's branch line running from Jefferson City to Mexico, Missouri. At Mexico the branch line meets the main line which runs from Kansas City to Roodhouse, Illinois, and thence branches north, east and south to Venice, Illinois. Defendant's main line stock train which picks up stock *Page 528 
brought in from the branch line at Mexico starts about 1:00 P.M. at Slater, sixty-five miles west of Mexico. The train of December 10th left Slater twenty minutes late, defendant's record showing that this delay was caused by the "picking up" of stock there. There were fifteen delays in all between Slater and Roodhouse. However, there are at least two delays between Slater and Roodhouse, the explanation of which fails. The delay at Slater is not explained for the reason that there is no reason given why the stock could not have been picked up there before the time of the departure of the train. There was a delay of one hour and ten minutes one mile east of Curryville, the reason given for this delay being "engine died." Defendant's train despatcher testified that the engine died on account of "leaking flues" which was caused by cold weather. This was merely a conclusion of the witness. There was nothing in his records nor did he have any information that the engine died on account of leaking flues but merely because the engine died he concluded that that was the cause. The delay of one hour and ten minutes east of Curryville was therefore not explained. There was a delay not explained of one hour and eighteen minutes of the branch line train in arriving at Mexico.
The train of December 11th left Slater one hour and a-half late. No explanation of this delay is attempted. It was delayed at Booth one hour and forty-five minutes "for engine." Booth is a division point and all engines run out of Roodhouse, so it was necessary for an engine to come from Roodhouse to Booth and to be turned around, the fire cleaned out and cold water put in, the engine made ready for the return trip and the crew changed. There was no explanation why this train was delayed for an engine. There were twelve delays between Slater and Roodhouse of the train that left Slater on December 11th. The branch line train arrived at Mexico in time but the main line train left there five hours and eleven minutes late. *Page 529 
There were ten delays between Slater and Roodhouse of the train that left the former place on December 12th. The branch line train arrived in Mexico fifteen minutes late and the main line train left there one hour and forty-one minutes late. There was a delay of fifty minutes at Slater, due in part to waiting for an engine. No reason is given for such a delay. This train was again delayed at Booth for an hour and forty-five minutes "for engine." No reason is given why there should have been such a delay on this account.
As before stated, there were fifteen delays between Slater and Roodhouse of the train that left the former place on December 10th; twelve delays between these two points of the train that left Slater on December 11th and ten delays of the train that left Slater on December 12th. These delays were all shown by the records of the defendant which were produced by defendant's train despatchers. These witnesses had no first-hand information as to the cause of the delays but attempted to attribute them to the weather conditions, the record of the Weather Bureau showing that the thermometer at Mexico and Louisiana varied from five to fifteen degrees below zero. The evidence shows that the tonnage of freight trains was reduced in cold weather; that all of defendant's trains were from six to eight hours late on the days in question; that on account of the war there was a large amount of traffic, including government war supplies, moving, which taxed the capacity of the railroad. The witness described the handicap of operating trains in extreme cold weather. However, the records show that all of the delays of these stock trains, where reasons were given, were attributed to other causes than cold weather. Cold weather is not mentioned in any of the reasons given in the records for the delays and the jury had the right to attribute none of them to cold weather. The reason assigned for most of the delays was that they were due to "picking up stock" and allowing other trains to pass.
These were interstate shipments and, and of course, it was not sufficient for plaintiffs to make out a case of *Page 530 
mere delay but the burden was upon plaintiffs to prove a case of negligent delay. [McMickle v. Wabash Ry. Co., 209 S.W. 611; Baker v. Schaff, 200 S.W. 103; Berger v. Wabash Ry. Co., 217 S.W. 854; Baker v. Schaff, 221 S.W. 743; Moore v. C.B. Q.R. Co., 223 S.W. 1079; Bland v. C. A. Rd. Co., 232 S.W. 232.] The shippers did not accompany the stock. Owing to the fact that the causes of delays and the facts surrounding them were wholly within the knowledge of the defendant, plaintiffs needed to prove defendant's negligence only by circumstances necessary to raise a slight inference of negligence on the part of defendant. [Baker v. Schaff, 221 S.W. 743, supra; McFall v. Railroad,181 Mo. App. 142, 148; Libby v. Railroad, 137 Mo. App. 276-280; McMickle v. Wabash Rd. Co., supra; Muir v. Railroad, 168 Mo. App. 542; Berger v. Wabash Ry. Co., supra.]
As plaintiffs in reference to the train that leaving on December 10th showed an unusual and unexplained delay of twenty minutes at Slater, an hour and ten minutes near Curryville and one hour and eighteen minutes at Mexico of the branch line train, none of which is explained, and unexplained delays of one hour and a-half at Slater and one hour and forty-five minutes at Booth in reference to the train leaving on December 11th, and an unexplained delay of fifty minutes at Booth and fifteen minutes at Mexico of the branch line train in reference to the train leaving on December 12th, they made out a prima-facie case of negligence against the defendant in each instance. [Baker v. Schaff, 221 S.W. 743; McMickle v. Wabash Rd. Co., supra.]
The jury were not required to believe the testimony of defendant's employees in their effort to show that these delays were due to extreme cold weather even though they were put upon the stand by plaintiff. Plaintiff was forced to use defendant's employees to prove the causes of the delays. These witnesses were not giving first-hand information but merely their opinions as to the cause of the delays, none of them claiming to have *Page 531 
been present at the place where the delays occurred. [Heller v. C. A. Rd. Co., 209 S.W. 567, 569, and cases cited; Moore v. C.B. Q. Ry. Co., supra, l.c. 1080.]
Of course, even though extreme cold weather can be said to be an Act of God for which the carrier is not liable, if carrier's negligence mingled with that Act, the carrier would still be liable. [Clemons Produce Co. v. Railroad, 203 Mo. App. 100; Bailey v. Wabash Ry. Co., 207 S.W. 82.]
In reference to the testimony that defendant was overburdened with business on account of the hauling of war supplies and other government shipments, the evidence on this point shows nothing more than that there was a delay of the trains in leaving Roodhouse on account of war conditions. We have not taken into account these delays in fixing liability on defendant. Of course if the negligent delays in getting its trains to their destination contributed approximately with those not negligent, then defendant is liable. [Clemons Produce Co. v. Railroad, supra, l.c. 104.]
The judgment is affirmed. All concur.